OPINION *Page 2 
{¶ 1} On April 2, 2008, appellant, Larry Harpster, was charged with one count of criminal trespass in violation of R.C. 2911.21, one count of criminal damaging in violation of R.C. 2909.06, two counts of assault in violation of R.C. 2903.13, and one count of resisting arrest in violation of R.C. 2921.33. Said charges arose from an incident wherein appellant trespassed on adjacent property owned by Joseph White, engaged in an altercation with Mr. White, and subsequently resisted arrest. Appellant and Mr. White had had a dispute over a vacated alley running between their adjacent properties which was resolved via a judgment entry issued by the Court of Common Pleas of Ashland County, Ohio. One count of assault involved Mr. White, and the other count of assault involved the investigating officer, Ashland County Sheriff's Captain Carl Richert.
 {¶ 2} A bench trial commenced on April 30, 2008. The criminal damaging count was dismissed by the state. The trial court found appellant guilty of the remaining charges. The trial court sentenced appellant to an aggregate term of two hundred and ten days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THE APPELLANT GUILTY OF FOUR SEPARATE OFFENSES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 I {¶ 5} Appellant claims his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 7} Appellant was convicted of one count of criminal trespass in violation of R.C. 2911.21(A)(1), two counts of assault in violation of R.C. 2903.13, and one count of resisting arrest in violation of R.C. 2921.33(A), which state the following, respectively:
 {¶ 8} "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 9} "(1) Knowingly enter or remain on the land or premises of another;
 {¶ 10} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 {¶ 11} "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 12} As to the convictions, appellant argues there was no evidence to establish he did not believe he was on his own property at the time of the incident; he did not *Page 4 
assault Mr. White as he was merely defending himself; and his arrest was unlawful therefore, he could not be guilty of resisting arrest.
 {¶ 13} Appellant argues there was no proof that he trespassed, and his defense at trial was that he believed he owned the property. Both investigating officers, Ashland County Sheriff's Captain Carl Richert and Deputy Cindy Benner, heard appellant admit to a trespass. T. at 46, 54, 57. Mr. and Mrs. White each testified that appellant was on their property without permission. T. at 11-12, 33-34. State's Exhibit 4 is a copy of a judgment entry from the Court of Common Pleas of Ashland County, Ohio, involving a property line dispute between the parties (Case No. 05-CIV-024). Appellant was a party to this action, but refused to acknowledge the validity of a vacated alley between the parties' adjacent properties. T. at 64-65. The exhibit specifically finds that each lot owner owns the property to the centerline of the vacated alley:
 {¶ 14} "The Court finds that Mr. Harpster's argument is not well-taken. The alley was vacated prior to Mr. Harpster's purchase of either Lot 65 or 66. His deeds for those lots did not include any portion of the vacated alley within the deeded description. As established by the above-cited law, ownership of one-half of the alley accretes to each adjoining property owner by operation of law, regardless of whether the alley description is ever included within the deed. The foreclosure case extinguished all of the Harpsters' interest in Lot 66, including their interest in one-half of the alley which went along with Lot 66 by operation of law. Thus, when the Whites acquired title through foreclosure, they acquired title to Lot 66 and one-half of the vacated alley."
 {¶ 15} We find the evidence established that appellant's actions constituted a trespass. *Page 5 
 {¶ 16} As for the assault conviction involving Mr. White, appellant argues Mr. White picked up a two-by-four which was threatening, and thereafter "slugged me and knocked me down." T. at 69-70. Both Mr. and Mrs. White testified appellant was the aggressor. T. at 11, 34-35. Appellant initiated the incident with a verbal confrontation, drove his vehicle onto the Whites' property, jumped out of his vehicle, and grabbed and kicked Mr. White. T. at 9-12, 31-35.
 {¶ 17} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger, 77 Ohio St.3d 415, 418,1997-Ohio-260.
 {¶ 18} Despite the fact that appellant claimed self-defense, the trial court was privileged to believe or disbelieve his testimony vis-à-vis the Whites' testimony. There was sufficient evidence to support the trial court's decision.
 {¶ 19} Although appellant assigned as error the assault conviction involving Captain Richert, his brief does not include any argument on this issue. We note both Captain Richert and Deputy Benner testified while appellant was resisting his arrest, he struck Captain Richert in the face. T. at 49, 59.
 {¶ 20} Appellant argues the resisting arrest charge was unlawful because the officers did not witness the trespass or assault against Mr. White and merely took the word of the Whites. The record establishes appellant admitted the trespass to the officers. T. at 46, 54, 57. In addition, appellant's truck was parked on the Whites' property. See, State's Exhibit 1. Once Captain Richert heard appellant's admission to *Page 6 
the trespass, he told appellant he was under arrest. T. at 46-47, 57. Captain Richert grabbed appellant's arm and appellant started resisting. T. at 57. Appellant fought the officers all the way to the ground, and resisted being handcuffed. T. at 48-50, 57-59. Once on the ground, appellant struck Captain Richert in the face. T. at 49, 59. Appellant testified he did not hear Captain Richert because he suffered from hearing loss. T. at 74-75.
 {¶ 21} The misdemeanor trespass was actually committed in the officers' presence. There was sufficient evidence to establish resisting arrest as well as the assault on Captain Richert.
 {¶ 22} Upon review, we find no manifest miscarriage of justice.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
 Farmer, P.J., Hoffman, J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed. *Page 1